IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAMION DJWAN LEWIS                                                          PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:12CV318-LRA

DEPUTY COREY CARR AND
DEPUTY JAMES BRENSON                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant Corey Carr ["Carr"] filed a Motion for Summary Judgment in this case which is before the Court for consideration.  Defendant James Brenson has not been served with process and is no longer employed by Hinds County.   Carr alleges that Damion Djwan Lewis (hereinafter "Lewis" or "Plaintiff") failed to exhaust the remedies available to him through the Hinds County Detention Facility's [HCDF] grievance procedures.  Carr also asserts that the same analysis applies to the unserved Defendant Brenson.

Lewis contends that while he was housed at the HCDF, on April 22, 2012, Defendants Deputy Carr and Brenson pushed a steel door into him and then punched and kicked him.  Lewis's complaint was signed on April 22, 2012, the date the event occurred, although it was received and filed by the Clerk of this Court approximately 15 days later, on May 7, 2012.  Also on April 22, 2012, Lewis filed a grievance with the HCDF, according to his testimony.

Lewis admits that he did not complete the grievance procedures at HCDF prior to filing this federal lawsuit.  In his Complaint, page 3, he stated that he was "still waiting to hear results, if any."

In the instant case, Defendant alleges that Plaintiff failed to complete the entire administrative review process before filing suit, and that his case should be dismissed for that reason.   In support, Defendant attached to his motion the omnibus hearing transcript [42-2], Lewis's Inmate Records [42-3], and the HCDF's Prisoner Grievance Procedures [42-4].

As Defendant asserts, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion.

2

*Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages.  *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."   The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint.  *Id.* However, a case is still subject to dismissal where exhaustion is not pled.  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The PLRA governs Lewis's claims.  Accordingly, Plaintiff is required to complete the HCDF's grievance procedure in its entirety before he is able to file suit under § 1983. Although Plaintiff asserts that he never heard back from his grievance, he filed this Complaint before allowing HCDF any time to complete the process---both the grievances and this Complaint were signed on the date of the incident, April 22, 2012.  Had Lewis waited to file this suit, his HCDF may have been processed.  Nevertheless, the requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.  Plaintiff's opinion of the grievance process at HCDF is insufficient to overcome

Supreme Court precedent mandating exhaustion of remedies available to prisoners at HCDF.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  In an earlier case, the Fifth Circuit had held that "a non-jurisdictional exhaustion requirement may, in certain rare instances, be excused."  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).  The Court in *Gonzalez* discussed the Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, finding that the ruling in *Underwood* was no longer valid.  Specifically, the Court found:

> After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory.  We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion.  **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  **Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.**

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

In this case, Lewis clearly did not exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.  Defendant quotes Plaintiff's testimony from the omnibus hearing wherein he confirms that he signed both

4

this Complaint, and his HCDF grievance, on the date of the incident.  He also confirmed that he had read the inmate handbook (which contains the procedures) and that he knew he could file a grievance.  Lewis may not have understood that the law required him to complete the HCDF procedure before filing this lawsuit---  but not knowing the law does not allow this Court to excuse his failure to exhaust.

Defendant also contends that he is entitled to qualified immunity.  If Plaintiff were able to prove all of his allegations in the Complaint, a question of fact exists as to whether Defendant Carr would be immune from this suit.  Accordingly, the Court declines to dismiss the case on the basis of immunity.

For these reasons, the Court finds that Defendant's Motion for Summary Judgment is **granted** and Plaintiff's Complaint shall be dismissed without prejudice.   Because the same law applies to the unserved Defendant Brenson, the case shall also be dismissed as to him.

IT IS THEREFORE ORDERED that the Complaint is dismissed without prejudice.  Final Judgment shall be entered on this date.

SO ORDERED this the 27th day of March 2014.


/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE